```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

HOWARD ROGER MCGHEE                        CIVIL ACTION

VERSUS                                     NO: 07-0476

PRIDE OFFSHORE, INC.                       SECTION: "R"(5)

### ORDER AND REASONS

Before the Court is defendant Pride Offshore, Inc.'s motion for partial summary judgment to dismiss plaintiff Howard McGhee's claim for maintenance and cure pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court DENIES defendant's motion.

### I.  BACKGROUND

Plaintiff Howard McGhee alleges that on or about October 6, 2006 he injured his lower back while he and a co-worker were attempting to drag a heavy 4" mud hose across the deck of a rig while working for Pride. (Pl.'s Compl. ¶ 5; Pl.'s Exh. 1). As a

result of this injury, plaintiff asserts he is entitled to maintenance and cure.

Defendant contends that McGhee's failure to report previous back injuries, medical treatment, and a recommendation for lumbar surgery while continuing to report for offshore work precludes maintenance and cure.  Accordingly, defendant moves for partial summary judgment dismissing McGhee's claim for maintenance and cure.

## II. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party

will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

Defendant asks this Court to extend the principles of *McCorpen v. Central Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968), which describes the circumstances under which a seaman may forfeit his rights to maintenance and cure, to the facts of this case. The Court declines to do so.

"Maintenance and cure is a contractual form of compensation given by general maritime law to a seaman who falls ill while in the service of his vessel." *McCorpen*, 396 F.2d at 548. It may be awarded "even where the seaman has suffered from an illness pre-existing his employment." *Id.* Notwithstanding this general

principle, a court will deny maintenance and cure when a seaman "knowingly or fraudulently conceals his illness from the shipowner." *Id.* Specifically,

> where the shipowner requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure. Of course, the defense that a seaman knowingly concealed material medical information will not prevail unless there is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage."

*Id.* at 549 (citations omitted). Accordingly, to determine whether a seaman forfeited his rights to maintenance and cure, the Court considers whether: (1) he intentionally misrepresented or concealed medical facts; (2) the nondisclosed facts were material to the shipowner's decision to hire him; and (3) there is a causal link between the withheld information and his injury. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005).

The *McCorpen* defense is not applicable to the facts of this case. It is uncontested that plaintiff did not intentionally misrepresent or conceal medical facts that were material to defendant's decision to hire him. Plaintiff began working for Pride in June of 2002, and the earliest he began experiencing back pain was November of 2002, five months later. (Def.'s Mem.

Supp. Summ. J. Exh. 1 "McGhee Dep." 18:15-20; 20:16-21; 27-28).

Additionally, defendant has not cited any cases to the Court that would support a new reading of *McCorpen* to hold that seaman who do not report all medical treatment <u>while employed</u> may forfeit their right to maintenance and cure.  To the contrary, the Court finds that the case law supports an expansive reading of the shipowner's liability for maintenance and cure.  The Supreme Court has held:

> Among the most pervasive incidents of the responsibility anciently imposed upon a shipowner for the health and security of sailors was liability for the maintenance and cure of seamen becoming ill or injured during the period of their service. ... So broad is the shipowner's obligation that negligence or acts short of culpable misconduct on the seaman's part will not relieve him of the responsibility.

*Aguilar v. Standard Oil Co.*, 318 U.S. 724, 730 (1943).  A seaman's "right to recover for maintenance and cure is broad," *Freeman v. Thunder Bay Transp. Co., Inc.*, 735 F. Supp. 680, 681 (M.D. La. 1990), and "the breadth and inclusiveness of the shipowner's duty assure its easy and ready administration for '(i)t has few exceptions or conditions to stir contentions, cause delays, and invite litigations.'" *Vella v. Ford Motor Co.*, 421 U.S. 1, 4 (1975) (citing *Farrell v. United States*, 336 U.S. 511, 516 (1949)).  Any "ambiguities or doubts" are to be "resolved in favor of the seaman." *Vaughan v. Atkinson*, 369 U.S. 527, 532

(1962) (citation omitted).

Finally, even if the *McCorpen* defense were applicable to the facts of this case, defendant has not carried its burden of establishing that there are no genuine issues of material fact. Defendant cites plaintiff's deposition testimony as evidence that plaintiff deliberately concealed his back problems from his supervisors. (McGhee Dep. 93:13-18). Pride also points to plaintiff's medical reports in 2005 as evidence that plaintiff knew he was a surgical candidate as early as January 19, 2005 and therefore knew he was not fit to report for offshore duty. (Def.'s Mem. Supp. Summ. J. Exh. 5). Plaintiff refutes defendant's arguments by citing his own testimony as evidence that he told Keith Fevergean, the crane operator, about a back injury in January of 2005. Plaintiff argues this is evidence that he was not trying to hide his medical condition from Pride. (McGhee Dep. 63:6-19). Plaintiff further states that his last visit with Dr. Metzger, an orthopedic surgeon, was on October 18, 2005, a year before the October 6, 2006 injury. (Pl's Exh. 2). Plaintiff additionally contends that his family physician's medical reports show that he was not experiencing any back problems in the year prior to the October 6 injury. (Pl.'s Exhs. 3-4). Any conclusions regarding these arguments are fact-based inquiries appropriate for a jury.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES defendant Pride's motion for partial summary judgment to dismiss plaintiff Howard McGhee's claims for maintenance and cure.

New Orleans, Louisiana, this __12th__ day of October, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT