```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


HOWARD ROGER MCGHEE                            CIVIL ACTION

VERSUS                                         NO: 07-0476

PRIDE OFFSHORE, INC.                           SECTION: "R"(5)
```

**ORDER AND REASONS**

Before the Court is defendant Pride Offshore, Inc.'s motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court GRANTS IN PART and DENIES IN PART defendant's motion.

**I.   BACKGROUND**

Plaintiff Howard McGhee alleges that on or about October 6, 2006 he injured his lower back while he and a co-worker were attempting to drag a heavy 4" mud hose across the deck of a rig while working for Pride. (Pl.'s Compl. ¶ 5). Plaintiff underwent lumbar surgery on April 26, 2007. (Def.'s Mot. Exh. 13). As a

result of this injury, plaintiff asserts he is entitled to maintenance and cure.[1]

Defendant contends that McGhee's recovery should be limited to damages that he can prove resulted from defendant's alleged negligence, and that were not a result of plaintiff's pre-existing back injuries. Defendant further seeks an order declaring that plaintiff reached maximum medical improvement on September 12, 2007. Plaintiff contests the Court's ability to rule on these two issues at the summary judgment stage.

## II. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.

---

[1] Maintenance is a daily stipend for living expenses; cure is the payment of medical expenses. *See Guevara v. Maintenance Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995).

1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.   Pre-Existing Injury**

Defendant contends that plaintiff had a pre-existing condition for which surgery had been recommended before the October 6, 2006 accident and that plaintiff should not be able to recover damages for his pre-existing condition and medical expenses, including the April 2007 surgery.  Plaintiff began

working for Pride in June of 2002 and began experiencing back pain five months later. (McGhee Depo. at 18:15-22, Def.'s Mot. Exh. 1).  He sought treatment from his family physician and took some anti-inflammatory medications. (*Id.* at 27-28).  In January of 2005, plaintiff began seeing Dr. Metzger, an orthopedic surgeon. (Def.'s Mot. Exh. 5).  Dr. Metzger determined plaintiff was a surgical candidate, but that plaintiff was "not hurting enough to consider it now." (*Id.*).  In August of 2005, Dr. Metzger discussed surgery with plaintiff again, but plaintiff indicated he would prefer a "less aggressive" approach. (Def.'s Mot. Exh. 7).  Plaintiff instead received a series of epidural nerve block injections, the last of which was on June 1, 2006. (Def.'s Mot. Exh. 8).  Pride points to plaintiff's medical records as evidence that because plaintiff knew he was a surgical candidate as early as January 19, 2005, defendant is not responsible for the costs related to plaintiff's surgery in April of 2007.  Pride also cites the deposition testimony of Drs. Barnard and Shults who testified that the MRI taken of plaintiff's back after the accident was not significantly changed from one taken in August of 2005. (Def.'s Mot. Exhs. 9, 14).

    Plaintiff contends that there is no evidence he suffered any back pain for a year before the accident.  His last visit with Dr. Metzger was on October 18, 2005, a year before the October 6,

2006 injury. (Pl.'s Opp'n, Exh. 1).  Plaintiff additionally points to his family physician's medical reports as evidence that he was not experiencing any back problems before the October 6 injury because in two visits to his family doctor he never mentioned he was having back pain. (Pl.'s Opp'n, Exhs. 2-3) (indicating visits to family physician because of an earache and hypertension).  Plaintiff avers that although he discussed surgery with his orthopedic surgeon in the two years before the accident, he would not have undergone surgery if it were not for his injury in October of 2006, which was caused by defendant's alleged negligence. (Pl.'s Opp'n at 4).

   The Court finds that defendant has not carried its burden of establishing that there are no genuine issues of material fact concerning defendant's liability for plaintiff's injuries, medical expenses, and surgery.  Even though plaintiff has a medical history of back pain, defendant is liable for the aggravation or activation of that pre-existing condition. *Stevens v. Omega Protein, Inc.*, 2005 WL 83248, at *7 (E.D. La. 2005) ("when the defendants' act aggravates or accelerates a preexi[s]ting condition and renders a plaintiff unable to continue his work or awakens a dormant condition that causes a plaintiff to experience pain when he did not suffer from pain or disability prior to the aggravation, defendant can be liable in

full for the disability and pain caused"); *Broussard v. Stolt Offshore, Inc.*, 2007 WL 101041, at *3 (E.D. La. 2007) (in Jones Act case, finding defendants liable for the aggravation and activation of plaintiff's prior asymptomatic condition). The Court finds that summary judgment is not appropriate; issues of fact remain regarding plaintiff's medical history and how the October 6, 2006 accident affected, if at all, plaintiff's back injury and need for surgery. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322-323.

### B.   Maximum Medical Improvement

Seamen have a right to maintenance and cure for injuries suffered by them in the course of their duties on a vessel. *See O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 41-42 (1943); *Guevara v. Maintenance Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995). Seamen injured in the course of their employment are entitled to maintenance and cure benefits until they reach the point of maximum medical improvement. *See Breese v. AWI, Inc.*, 823 F.2d 100, 104 (5th Cir. 1987). Maximum medical improvement is reached when it appears "probable that further treatment will result in no betterment in the claimant's condition." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Generally, the obligation to provide maintenance and cure ends when a doctor provides a qualified

medical opinion that plaintiff has reached maximum medical improvement. *See, e.g., Breese*, 823 F.2d at 104.

Dr. Barnard, who performed plaintiff's surgery, testified in his deposition that plaintiff has reached maximum medical improvement. (Bernard Depo. at 34:16-20). The deposition took place on September 12, 2007. Plaintiff does not dispute that at this time all testimony and evidence indicate that he reached maximum cure on September 12, 2007. (Pl.'s Opp'n at 1). Plaintiff claims only that his maximum cure status may change before trial as a result of further medical treatment and that maximum medical improvement is an issue which should be left to the jury. A medical doctor has already determined that it is probable that further treatment will result in no betterment in the claimant's condition. Furthermore, plaintiff points to no evidence that he has not reached maximum medical improvement at this point, but admits that the evidence indicates he has. The Court finds that there is no genuine issue of material fact that as of September 12, 2007, plaintiff reached maximum medical improvement.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendant Pride's motion for partial summary

judgment.

New Orleans, Louisiana, this  19th  day of November, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT