UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOWARD "HAL" ROGER MCGHEE | CIVIL ACTION NO.: 07-0476 |
| VERSUS | SECTION "R" MAG. 5" |
| PRIDE OFFSHORE, INC. | JUDGE VANCE |
| | MAGISTRATE JUDGE CHASEZ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT'S PROPOSED SPECIAL JURY CHARGES

NOW INTO COURT, through undersigned counsel, comes Defendant Pride Offshore, Inc. ("Pride") who respectfully submit these Proposed Special Jury Charges in advance of the trial scheduled to commence on April 7, 2008.

Respectfully Submitted:

  /s/ Kevin M. McGlone
PETER L. HILBERT, JR. (6875) T.A.
KEVIN M. MCGLONE (28145)
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT
A PROFESSIONAL LIMITED LIABILITY COMPANY
909 Poydras Street, 28th Floor
New Orleans, Louisiana  70112-1033
Telephone: (504) 299-2100
Attorneys for Pride Offshore, Inc.

1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 31, 2008, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

                                        /s/ Kevin M. McGlone
                                        KEVIN M. MCGLONE

**<u>Proposed Jury Charge No. 1:</u>**[1]

The plaintiff, Howard McGhee, is a seaman asserting two separate claims against the defendant in this case.

The plaintiff's first claim, under a federal law known as the Jones Act, is that his employer, Pride Offshore, was negligent, and that Pride Offshore's negligence was a cause of his injuries. The plaintiff's second claim is that unseaworthiness of a vessel caused his injury.

You must consider each of these claims separately. The plaintiff is not required to prove all of these claims. He may recover if he proves any one of them. However, he may only recover those damages or benefits that the law provides for the claims that he proves; he may not recover the same damages or benefits more than once.

---

[1] 2006 Fifth Circuit Pattern Jury Instructions – Civil, at § 4.3.

**Proposed Jury Charge No. 2:[2]**

Under the Jones Act, the plaintiff must prove that his employer was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean anyone's negligence caused the accident.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work. If you find that the plaintiff was injured because the defendant failed to furnish him with a reasonably safe place to work, and that the plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendant was negligent.

The fact that the defendant conducted its operations in a manner similar to that of other companies is not conclusive as to whether the defendant was negligent or not.

You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long accepted practice may be an unsafe practice. However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of his employees while that employee is acting within the course and scope of his job [employment].

---

[2] 2006 Fifth Circuit Pattern Jury Instructions – Civil, at § 4.4.

If you find from a preponderance of the evidence that the defendant assigned the plaintiff to perform a task that the plaintiff was not adequately trained to perform, you must find that the defendant was negligent.

**Proposed Jury Charge No. 3:**[3]

The plaintiff seeks damages for personal injury that he claims was caused by the unseaworthiness of the defendant's vessel, the PRIDE KANSAS.

A shipowner owes to every member of the crew employed on its vessel the absolute duty to keep and maintain the ship, and all decks and passageways, appliances, gear, tools, parts and equipment of the vessel in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend upon negligence or fault or blame. If an owner does not provide a seaworthy vessel—a vessel that is reasonably fit for its intended use—no amount of care or prudence excuses the owner.

The duty to provide a seaworthy vessel includes a duty to supply an adequate and competent crew. A vessel may be unseaworthy even though it has a numerically adequate crew, if too few persons are assigned to a given task.

However, the owner of a vessel is not required to furnish an accident free ship. He need only furnish a vessel and its appurtenances that are reasonably fit for their intended use and a crew that is reasonably adequate for their assigned tasks.

The shipowner is not required to provide the best appliances and equipment, or the finest of crews, on his vessel. He is only required to provide gear that is reasonably proper and suitable for its intended use, and a crew that is reasonably adequate.

---

[3] 2006 Fifth Circuit Pattern Jury Instructions – Civil, at § 4.5.

In summary, if you find that the owner of the vessel did not provide an adequate crew of sufficient manpower to perform the tasks required, or if you find that the vessel was in any manner unfit in accordance with the law as I have just explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy and the shipowner liable, without considering any negligence on the part of the defendant or any of its employees.

However, if you find that the owner had a capable crew and appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and the defendant is not liable to the plaintiff on the claim of unseaworthiness.

**Proposed Jury Charge No. 4:**[4]

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, a different rule applies to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, for both the employer's negligence and the plaintiff's contributory negligence an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part.

In an unseaworthiness claim, the plaintiff must show, not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of it. This means that the plaintiff must show that the condition in question played a substantial part [was a substantial factor] in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

---

[4] 2006 Fifth Circuit Pattern Jury Instructions – Civil, at § 4.6.

**Proposed Jury Charge No. 5:**[5]

The defendant contends that the plaintiff was negligent, and that the plaintiff's negligence caused or contributed to causing his injury.  This is the defense of contributory negligence.  The defendant has the burden of proving that the plaintiff was contributorily negligent.  If the plaintiff was guilty of contributory negligence that contributed to his injury, he nevertheless may recover.  However, the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances.  The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training and education.  In other words, under the Jones Act a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

If you find that the defendant was negligent or the vessel was unseaworthy, and that the negligence or unseaworthiness was a proximate or legal cause of the plaintiff's injury, but you also find that the accident was due partly to the contributory negligence of the plaintiff, then you must determine the percentage the plaintiff's contributory negligence contributed to the accident. You will provide this information by filling in the appropriate blanks in the special interrogatories.  Do not make any reduction in the amount of damages that you award to the plaintiff.  I will reduce the damages that you award by the percentage of contributory negligence that you assign to the plaintiff.

---

[5] 2006 Fifth Circuit Pattern Jury Instructions – Civil, at § 4.7.

**Proposed Jury Charge No. 6:**[6]

If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence: physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to his physical condition; medical expenses; the reasonable value, not exceeding actual cost to the plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

---

[6]2006 Fifth Circuit Pattern Jury Instructions – Civil, at § 4.8.

Any award you make to the plaintiff is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon it.

**Proposed Jury Charge No. 7:**[7]

If you find that the plaintiff is entitled to an award of damages for loss of future earnings, there are two particular factors you must consider. First, you should consider loss after income taxes; that is, you should determine the actual or net income that plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the plaintiff only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount which you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to the plaintiff if he received the amount today than if he received the same amount in the future. Therefore, if you decide to award plaintiff an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment.

---

[7] 2006 Fifth Circuit Pattern Jury Instructions – Civil, at § 4.12.

**Proposed Jury Charge No. 8:**

As a general rule, when a defendant's alleged negligence aggravates or accelerates a plaintiff's pre-existing condition and disables the plaintiff or causes him to experience pain although he had no pain from the pre-existing condition prior to the alleged aggravation, the defendant can be held liable for the disability and/or pain that he allegedly caused.[8] However, if the plaintiff would have experienced the symptoms of his pre-existing condition at some time in the future, even if the accident had not occurred, he cannot recover all damages associated with the pre-existing condition, but only the portion of his damages caused by the aggravating event.[9] In other words, the plaintiff may not recover for the pre-existing condition itself, and the defendant is entitled to have the plaintiff's damages discounted to reflect the portion of damage that the plaintiff would have suffered even if the alleged aggravating incident had not occurred.[10]

If you find that there was such an aggravation you should determine what portion of plaintiff's present condition resulted from the aggravation and make allowance in your verdict only for the aggravation.[11]

---

[8]*Milos v. Sea Land Servs., Inc.*, 478 F. Supp. 1019, 1023 (S.D.N.Y. 1979), *aff'd*, 622 F.2d 574 (2nd Cir. 1980), *cert. denied*, 449 U.S. 954 (1980); *Lopinto v. Crescent Marine Towing*, 2004 WL 1737901, at *5 (E.D.La. 8/2/2001); *Broussard v. Stolt Offshore, Inc.*, 2007 WL 101041, at *3 (E.D.La. 1/9/2007); *Stevens v. Omega Protein, Inc.*, 2005 WL 83248, at *7 (E.D.La. 1/13/2005).

[9]*Evans v. United Arab Shipping Co.*, 767 F.Supp. 1284, 1294 (D.N.J. 1991), *aff'd*, 4 F.3d 207 (3rd Cir. 1993), *cert. denied*, 510 U.S. 1116 (1994).

[10]*Id.*; *see also Laakso v. Mitsui & Co. USA, Inc.*, 1989 WL 149186, at * 10 (E.D.La. 12/6/1989); 1990 A.M.C. 635; *Wilson v. Zapata Offshore, Co.*, 939 F.2d 260, 271 (5th Cir. 1991).

[11]*Varhol v. Nat'l RR Passenger Corp.*, 909 F.2d 1557, 1565 (7th Cir. 1990)(en banc).

A plaintiff bears the burden of proving his damages by a preponderance of the evidence.[12] However, the defendant must demonstrate the extent of the plaintiff's damages that the pre-existing condition would have inevitably caused.[13] Without such proof, the defendant may be held liable for the full disability and/or pain that resulted from the complained of incident.[14]

---

[12] *See Clements v. Chotin Transp., Inc.*, 496 F.Supp. 163, 168 (M.D.La. 1980).

[13] *Laakso*, 1989 WL 149186, at * 10 (E.D.La. 12/6/1989); 1990 A.M.C. 635 (citing *Milos*, 478 F. Supp. at 1023).

[14] *Id.* (citing *Milos*, 478 F. Supp. at 1023).